UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:25-cv-01457-JWH-JDE | Date | November 17, 2025 |
|---|---|---|---|
| Title | Qais Anthony Alkhlali v. Bank of America, N.A., et al. | | |

| Present: The Honorable | John D. Early, United States Magistrate Judge |
|---|---|

| Amber Rodriguez | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| n/a | n/a |

**Proceedings:**        (In Chambers) Order Denying Motion (Dkt. 23)

**I.**
**INTRODUCTION**

On November 12, 2025, Plaintiff Qais Anthony Alkhlali ("Plaintiff") filed a Motion to Compel Defendant Bank of America N.A. ("Defendant") to provide further responses to interrogatories (Dkt. 23, "Motion"), with a supporting Memorandum of Points and Authorities (Dkt. 24), and a Declaration by Plaintiff (Dkt. 25), but no Joint Stipulation.

The Court finds the Motion may appropriately be decided without further briefing or oral argument. For the reasons set forth below, the Motion (Dkt. 23) is DENIED.

**II.**
**RELEVANT LAW**

For motions relating to discovery filed in this district, Central District of California Local Civil Rule ("L.R.") 37-1 instructs:

> Before filing any motion relating to discovery under F. Rs. Civ. P. 26-37, counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It is the responsibility of counsel for the moving party to arrange for this conference. If both counsel are located in the same county, the conference must take place in person at the office of the moving party's counsel unless the parties agree to meet someplace else. If both counsel are not located in the same county, the conference may take place telephonically. Unless relieved by written order of the Court upon good cause shown, counsel for the opposing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:25-cv-01457-JWH-JDE | Date | November 17, 2025 |
|---|---|---|---|
| Title | Qais Anthony Alkhlali v. Bank of America, N.A., et al. | | |

party must confer with counsel for the moving party within ten days after the moving party serves a letter requesting such conference. The moving party's letter must identify each issue and/or discovery request in dispute, state briefly as to each such issue/request the moving party's position (and provide any legal authority the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought.

Although L.R. 37.1 et seq. at times refers to counsel for the parties, L.R. 1-3 provides that "[p]ersons appearing pro se are bound by these rules, and any reference in these rules to 'attorney' or 'counsel' applies to parties pro se unless the context requires otherwise." L.R. 37-2 directs that if, after the completion of the conference described in L.R. 37-1, counsel "are unable to settle their differences, they must formulate a written stipulation unless otherwise ordered by the Court." Separately, L.R. 37-2.1 instructs, in part: "[t]he stipulation must contain all issues in dispute and, as to each such issue, the contentions and points and authorities of each party." Local Rule 37-2.4 provides:

> The Court will not consider any discovery motion in the absence of a joint stipulation or a declaration from counsel for the moving party establishing that opposing counsel (a) failed to confer in a timely manner under L.R. 37-1; (b) failed to provide the opposing party's portion of the joint stipulation in a timely manner under L.R. 37-2.2; or (c) refused to sign and return the joint stipulation after the opposing party's portion was added. If such declaration accompanies the motion, then L.Rs. 6-1, 7-9 and 7-10 apply.

Courts may deny discovery motions for failure to comply with the Local Rules' requirements for such motions. See Pina v. Lewis, 717 F. App'x 739, 740 (9th Cir. 2018) (district court may properly deny a motion to compel "for failing to comply with local rules"); see also Tri-Valley CARES v. U.S. Dep't of Energy, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."); Lumber Liquidators, Inc. v. Sullivan, 2012 WL 4464867, at *4 (C.D. Cal. Aug. 31, 2012) (denying discovery motion for failure to comply with L.R. 37-2); So v. Land Base, LLC, 2009 WL 2407954, at *2 (C.D. Cal. Aug. 4, 2009) (same).

**III.**
**DISCUSSION**

The Motion, relating to discovery, is brought "pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)." Motoin at 2. As such, Local Rule 37-1, et seq., applies to the Motion, and the Motion must either include a compliant L.R. 37-2 joint stipulation or a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:25-cv-01457-JWH-JDE | Date | November 17, 2025 |
|---|---|---|---|
| Title | Qais Anthony Alkhlali v. Bank of America, N.A., et al. | | |

declaration by Plaintiff "establishing" one of the three grounds upon which such a motion may proceed without a joint stipulation under L.R. 37-2.4.

The Motion is not accompanied by an L.R. 37-2 joint stipulation. As a result, the only way the Motion may proceed is if Plaintiff submitted a declaration "establishing" one of the three approved grounds to proceed without a joint stipulation under L.R. 37-2.4. The Declaration filed by Plaintiff with the Motion does not "establish[]" that opposing counsel failed to timely respond to a proper L.R. 37-1 letter requesting a discovery conference, failed to timely provide the opposing counsel's portion of a proper joint stipulation under L.R. 37-2, or failed to timely sign an otherwise completed joint stipulation. Plaintiff does not contend he sent a joint stipulation to Defendant, so the only basis on which Plaintiff could proceed without a joint stipulation is if he established in his declaration that Defendant "failed to confer in a timely manner under L.R. 37-1." See L.R. 37-2.4. However, Plaintiff's Declaration shows Defendant <u>did</u> properly respond to Plaintiff's meet and confer letter. Plaintiff avers that Defendant responded in writing to his "meet-and-confer correspondence" (not attached) within three business days. Dkt. 25 at 2. When Plaintiff sent another "meet-and-confer correspondence," Defendant again responded, this time the next business day, and proposed "a phone call." <u>Id.</u> That is precisely what L.R. 37-1 anticipates. Plaintiff, however, declined the invitation to speaking, indicating he "preferred to continue in writing." As set forth above, that is <u>not</u> what is required under L.R. 37-1. Plaintiff has not complied with L.R. 37-1 and has not "establish[ed]" a basis to proceed on the Motion without a joint stipulation.

As no joint stipulation was included with the Motion, and as no declaration was submitted establishing one of the three permissible grounds to proceed with a discovery motion without such a joint stipulation, the Motion does not comply with the Local Rules. As a result, per Local Rule 37-2.4, the Court "will not consider" the Motion, and the Motion is DENIED. <u>See also</u> <u>Pina</u>, 717 F. App'x at 740; <u>Tri-Valley CARES</u>, 671 F.3d at 113; <u>Lumber Liquidators, Inc.</u>, 2012 WL 4464867, at *4; <u>So</u>, 2009 WL 2407954, at *2.

**IV.**
**CONCLUSION**

For the foregoing reasons, the Motion (Dkt. 23) is DENIED.

Initials of Clerk:        ARO